IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SCOTT SWYSGOOD | ) | CASE NO. 5:17-CV-00697-BYP |
| | ) | |
| Plaintiff | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| v. | ) | MAGISTRATE JUDGE LIMBERT |
| | ) | |
| BOARD OF EDUCATION OF THE | ) | |
| NORTHWESTERN LOCAL SCHOOL | ) | **JOINT PROPOSED JURY** |
| DISTRICT OF WEST SALEM, et al. | ) | **INSTRUCTIONS** |
| | ) | |
| Defendants | ) | |

Now comes Plaintiff Scott Swysgood and Defendant Board of Education of the Northwestern Local School District of West Salem ("Northwestern Board of Education"), by and through their respective attorneys and file this set of joint proposed jury instructions.  These Instructions are the result of proposals that were traded back and forth between the parties and were discussed in detail by the parties as late as 3:10 p.m. today, January 22, 2019.

The joint proposed instructions consist of the following:

(1)     Language that is agreed to by both parties and has neither an underline nor a strike line.

(2)     Language proposed by defendant but not agreed to by plaintiff which is indicated by a strike line.

(3)     Language proposed by plaintiff but not agreed to by defendant which is indicated by an underline.

(4)     Language added by defendant but which plaintiff has not reviewed in brackets.

Respectfully submitted,

/s/Warren Rosman
**WARREN ROSMAN (0017510)**
Wrosman@westonhurd.com
**JOHN S. KLUZNIK (0017473)**
Jkluznik@westonhurd.com
**JOSHUA M. MIKLOWSKI (0085690)**
Jmiklowski@westonhurd.com
Weston Hurd LLP
The Tower at Erieview
1301 East 9th Street, Suite 1900
Cleveland, OH  44114-1862
(216) 241-6602
(216) 621-8369 (fax)
*Attorneys for Defendants*
*Northwestern Local School District*
*Board of West Salem*


/s/Joseph Scott
Attorney for Plaintiff Scott Swysgood

## **JUROR ATTENTIVENESS**

Ladies and gentlemen, before you begin your deliberations, I now am going to instruct you on the law. You must pay close attention, and I will be as clear as possible.

So far you have faithfully discharged your duty to listen carefully and observe each witness who testified.  Your interest never flagged, and you have followed the testimony with close attention.

I ask you to give me that same careful attention, as I instruct you on the law.

---

LEXIS Modern Federal Jury Instructions-Civil P 71.01

### THE ROLE OF THE COURT

You have now heard all of the evidence in the case as well as the final arguments of the lawyers for the parties.

My duty at this point is to instruct you as to the law. It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you. If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.

You should not, any of you, be concerned about the wisdom of any rule that I state. Regardless of any opinion that you may have as to what the law may be—or ought to be—it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.

---

LEXIS Modern Federal Jury Instructions-Civil P 71.01

## ROLE OF THE JURY

As members of the jury, you are the sole and exclusive judges of the facts. You pass upon the evidence. You determine the credibility of the witnesses. You resolve such conflicts as there may be in the testimony. You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

In determining these issues, no one may invade your province or functions as jurors. In order for you to determine the facts, you must rely upon your own recollection of the evidence. What the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions is not evidence.  What I may have said—or what I may say in these instructions—about a fact issue is not evidence. In this connection, you should bear in mind that a question put to a witness is never evidence, it is only the answer which is evidence. But you may not consider any answer that I directed you to disregard or that I directed struck from the record. Do not consider such answers.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be. The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether or not the plaintiff has proven his case.

I also ask you to draw no inference from the fact that upon occasion I asked questions of certain witnesses. These questions were only intended for clarification or to expedite matters and certainly were not intended to suggest any opinions on my part as to the verdict you should render, or whether any of the witnesses may have been more credible than any other witnesses. You are expressly to understand that the court has no opinion as to the verdict you should render in this case.

5

As to the facts, ladies and gentlemen, you are the exclusive judges. You are to perform the duty of finding the facts, without bias or prejudice to any party, and applying the law to the facts, as I instruct you.

---

LEXIS Modern Federal Jury Instructions-Civil P 71.01

## **JUROR OATH**

In determining the facts, you are reminded that you took an oath to render judgment impartially and fairly, without prejudice or sympathy and without fear, solely upon the evidence in the case and the applicable law. I know that you will do this and reach a just and true verdict.

---

LEXIS Modern Federal Jury Instructions-Civil P 71.01

## JURY TO DISREGARD THE COURT'S VIEW

I have not expressed nor have I intended to intimate any opinion as to which witnesses are or are not worthy of belief, what facts are or are not established, or what inference or inferences should be drawn from the evidence. If any expression of mine has seemed to indicate an opinion relating to any of these matters, I instruct you to disregard it.

From time to time the court has been called upon to pass upon the admissibility of certain evidence, although I have tried to do so, in so far as it was practicable, out of your hearing.  You have no concern with the reasons for any such rulings, and you are not to draw any inferences from them. Whether offered evidence is admissible is purely a question of law in the province of the court and outside the province of the jury. In admitting evidence to which objection has been made, the court does not determine what weight should be given to such evidence, nor does it pass on the credibility of the evidence. Of course, you will dismiss from your mind, completely and entirely, any evidence which has been ruled out of the case by the court, and you will refrain from speculation or conjecture or any guesswork about the nature or effect of any colloquy between court and counsel held out of your hearing or sight.

---

LEXIS Modern Federal Jury Instructions-Civil P 71.01

## CONDUCT OF COUNSEL

It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible. Counsel also have the right and duty to ask the court to make rulings of law and to request conferences at the side bar out of the hearing of the jury. All those questions of law must be decided by me, the court. You should not show any prejudice against an attorney or his client because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury or asked the court for a ruling on the law.

As I already indicated, my rulings on the admissibility of evidence do not, unless expressly stated by me, indicate any opinion as to the weight or effect of such evidence. You are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

---

LEXIS Modern Federal Jury Instructions-Civil P 71.01

## **SYMPATHY**

Under your oath as jurors you are not to be swayed by sympathy. You should be guided solely by the evidence presented during the trial, without regard to the consequences of your decision.

You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence or lack of evidence.  If you let sympathy interfere with your clear thinking there is a risk that you will not arrive at a just verdict.  All parties to a civil lawsuit are entitled to a fair trial. You must make a fair and impartial decision so that you will arrive at the just verdict.

---

LEXIS Modern Federal Jury Instructions-Civil P 71.01

**BURDEN OF PROOF: GENERAL**

This is a civil case.  As such, the plaintiff, Scott Swysgood, has the burden of proving the material allegations of his complaint by a preponderance of the evidence.  If after considering all the testimony, you are satisfied that Scott Swysgood has carried his burden on each essential point as to which he has the burden of proof, then you must find for him on his claim.  If after such consideration you find the testimony of both parties to be in balance or equally probable, then Scott Swysgood has failed to sustain his burden, and you must find for the defendant, Board of Education of the Northwestern Local School District ("Northwestern Board of Education").

If upon a consideration of all the facts on the claim of breach of contract, you find that Scott Swysgood has failed to sustain his burden, then you should proceed no further, and your verdict must be for the Northwestern Board of Education. If, however, you find that Scott Swysgood has sustained his burden on this issue, then you must proceed to consider the Northwestern Board of Education's affirmative defense of waiver and [waiver by estoppel].  In this regard, the burden is upon the Northwestern Board of Education to establish the affirmative defense of waiver and waiver by estoppel by a preponderance of the evidence.

If you determine that the Northwestern Board of Education has sustained its burden of establishing its affirmative defense of waiver and [waiver by estoppel], then you should proceed no further, and your verdict must be for the Northwestern Board of Education.  If, however, you find that Scott Swysgood has established the essential elements of his case and that the Northwestern Board of Education has not sustained its burden of the affirmative defenses, then you should proceed to consider the issue of damages, which is addressed later in these instructions.

LEXIS Modern Federal Jury Instructions-Civil P 73.01

## PREPONDERANCE OF THE EVIDENCE

_____The party with the burden of proof on any given issue has the burden of proving every disputed element of his claim to you by a preponderance of the evidence. If you conclude that the party with the burden of proof has failed to establish his or its claim or defense[s] by a preponderance of the evidence, then you must decide against him or it on the issue you are considering.

What does a "preponderance of evidence" mean?  To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true.  A preponderance of the evidence means the greater weight of the evidence.  It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents.  In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties—that it is equally probable that one side is right as it is that the other side is right—then you must decide that issue against the party having this burden of proof.  That is because the party bearing this burden must prove more than simple equality of evidence—he must prove the element at issue by a preponderance of the evidence. On the other hand, the party with this burden of proof need prove no more than a preponderance. So long as you find that the scales tip, however slightly, in favor of the party with this burden of proof—that what the party claims is more likely true than not true—then that element will have been proved by a preponderance of evidence.

You may have heard of the phrase "proof beyond a reasonable doubt."  This is the proper standard of proof in a criminal trial.  That requirement does not apply to a civil case such as this one, and you should put it out of your mind.

---

LEXIS Modern Federal Jury Instructions-Civil P 73.01

## **WHAT IS AND IS NOT EVIDENCE**

The evidence in this case is the sworn testimony of the witnesses, the exhibits received in evidence, stipulations, and judicially noticed facts.

By contrast, the questions of the lawyers are not to be considered by you as evidence. It is the witnesses' answers that are evidence, not the questions.

Testimony that has been stricken or excluded is not evidence and may not be considered by you in rendering your verdict. Also, if certain testimony was received for a limited purpose—such as for the purpose of assessing a witness's credibility—you must follow the limiting instructions I have given.

Arguments by lawyers are not evidence, because the lawyers are not witnesses. What they have said to you in their opening statements and in their summations is intended to help you understand the evidence to reach your verdict. However, if your recollection of the facts differs from the lawyers' statements, it is your recollection which controls.

To constitute evidence which may be considered by you, exhibits must be received in evidence. Exhibits marked for identification but not admitted are not evidence, nor are materials brought forth only to refresh a witness' recollection.

Finally, statements which I may have made concerning the quality of the evidence do not constitute evidence.

It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

---

LEXIS Modern Federal Jury Instructions-Civil P 74.01

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two types of evidence which you may properly use in reaching your verdict.

One type of evidence is direct evidence. Direct evidence is when a witness testifies about something he knows by virtue of his own senses—something he has seen, felt, touched, or heard. Direct evidence may also be in the form of an exhibit when the fact to be proved is its present existence or condition.

The other type of evidence is circumstantial evidence. This is evidence which tends to prove a disputed fact by proof of other facts. There is a simple example of circumstantial evidence which is often used in this courthouse.

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom blinds were drawn and you could not look outside. As you were sitting here, someone walked in with an umbrella which was dripping wet. Then a few minutes later another person also entered with a wet umbrella. Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from one established fact the existence or non-existence of some other fact.

Circumstantial evidence is of no less value than direct evidence; for, it is a general rule that the law makes no distinction between direct evidence and circumstantial evidence but simply requires that your verdict must be based on a preponderance of all the evidence presented.

---

LEXIS Modern Federal Jury Instructions-Civil P 74.01

## **WITNESS CREDIBILITY: GENERAL**

You are the judges of the facts, the credibility of the witnesses, and the weight of the evidence.

To weigh the evidence, you must consider the credibility of the witnesses. You will use the tests of truthfulness that you use in your daily lives.

These tests include the appearance of each witness upon the stand; the witness' manner of testifying; the reasonableness of the testimony; the opportunity the witness had to see, hear, and know the things about which the witness testified; and the witness' accuracy of memory, frankness or lack of it, intelligence, interest, and bias, if any, together with all the facts and circumstances surrounding the testimony. Use these tests and assign to each witness' testimony such weight as you think proper.

You are not required to believe the testimony of any witness simply because the witness was under oath. You may believe or disbelieve all or any part of the testimony of any witness. It is your duty to decide what testimony to believe and what testimony not to believe. The testimony of one witness if believed by you is sufficient to prove any disputed fact.

**Source:**

**Ohio Jury Instruction CV 305.05 Credibility [Rev. 11-14-17].You have had the opportunity to observe all of the witnesses. It is now your job to decide how believable each witness was in his or her testimony. You are the sole judges of the credibility of each witness and of the importance of his or her testimony.**

———

How do you determine where the truth lies? You watched each witness testify. Everything a witness said or did on the witness stand counts in your determination. How did the witness

17

impress you? Did he or she appear to be frank, forthright, and candid, or evasive and edgy as if hiding something? How did the witness appear; what was his or her demeanor—that is, his or her carriage, behavior, bearing, manner, and appearance while testifying? Often it is not what a person says but how he or she says it that moves us.

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life. You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case. You should consider the opportunity the witness had to see, hear, and know the things about which he or she testified, the accuracy of the witness's memory, the witness's candor or lack of candor, the witness's intelligence, the reasonableness and probability of the witness's testimony and its consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given, and all of the other evidence in the case. Always remember that you should use your common sense, your good judgment, and your own life experience.

LEXIS Modern Federal Jury Instructions-Civil P 76.01

## WITNESS CREDIBILITY: BIAS

In deciding whether to believe a witness, you should specifically note any evidence of hostility or affection that the witness may have towards one of the parties.  Likewise, you should consider evidence of any other interest or motive that the witness may have in cooperating with a particular party.

It is your duty to consider whether the witness has permitted any such bias or interest to color his or her testimony.  In short, if you find that a witness is biased, you should view his testimony with caution, weigh it with care, and subject it to close and searching scrutiny.

LEXIS Modern Federal Jury Instructions-Civil P 76.01

## WITNESS CREDIBLITY: INTEREST IN OUTCOME

In evaluating the credibility of the witnesses, you should take into account any evidence that a witness may benefit in some way from the outcome of the case.  Such interest in the outcome creates a motive to testify falsely and may sway a witness to testify in a way that advances his or her own interests. Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony, and accept it with great care.

Keep in mind, though, that it does not automatically follow that testimony given by an interested witness is to be disbelieved. There are many people who, no matter what their interest in the outcome of the case may be, would not testify falsely. It is for you to decide, based on your own perceptions and common sense, to what extent, if at all, the witness's interest has affected his or her testimony.

---

LEXIS Modern Federal Jury Instructions-Civil P 76.01

21

## WITNESS CREDIBILITY: DISCREPANCIES IN TESTIMONY

You have heard evidence of discrepancies in the testimony of certain witnesses, and counsel have argued that such discrepancies are a reason for you to reject the testimony of those witnesses.

You are instructed that evidence of discrepancies may be a basis to disbelieve a witness's testimony. On the other hand, discrepancies in a witness's testimony or between his or her testimony and that of others do not necessarily mean that the witness's entire testimony should be discredited.

People sometimes forget things, and even a truthful witness may be nervous and contradict himself or herself. It is also a fact that two people witnessing an event will see or hear it differently. Whether a discrepancy pertains to a fact of importance or only to a trivial detail should be considered in weighing its significance; but a willful falsehood always is a matter of importance and should be considered seriously.

It is for you to decide, based on your total impression of the witness, how to weigh the discrepancies in his or her testimony. You should, as always, use common sense and your own good judgment.

---

LEXIS Modern Federal Jury Instructions-Civil P 76.01

22

## WITNESS CREDIBILITY: IMPEACHMENT BY PRIOR INCONSISTENT STATEMENTS

You may have heard evidence that at some earlier time the witness has said or done something that counsel argues is inconsistent with the witness's trial testimony.

Evidence of a prior inconsistent statement [may be considered for the] purpose of helping you decide whether to believe the trial testimony of the witness who contradicted himself or herself. If you find that the witness made an earlier statement that conflicts with his or her trial testimony, you may consider that fact in deciding how much of his or her trial testimony, if any, to believe [and the weight of the evidence.]

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

It is exclusively your duty, based on all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so, how much, if any, weight to give to the inconsistent statement in determining whether to believe all or part of the witness's testimony.

---

LEXIS Modern Federal Jury Instructions-Civil P 76.01

## **INTERROGATORIES**

You have heard and seen evidence in this case which is in the form of interrogatories.

Interrogatories are written questions posed by one side which call for written answers under oath from the other side.  Both the questions and answers are made prior to trial after the case has begun in what is called pretrial discovery, and each side is entitled to seek such discovery from the other.

You may consider a party's answers to interrogatories as evidence just as you would any other evidence which has been admitted in this case.

In this regard, you are not required to consider a party's answers to interrogatories as true, nor are you required to give them more weight than any other evidence.  It is up to you to determine what weight, if any, should be given to the interrogatory answers which have been admitted as evidence.

---

LEXIS Modern Federal Jury Instructions-Civil P 74.07

## **DEPOSITIONS**

During the trial of this case, certain testimony has been read to you by way of deposition or presented to you by way of videotaped deposition.  A deposition is simply a procedure where prior to trial the attorneys may question a witness or an adversary party under oath before a stenographer.  The deposition testimony of a witness who is unavailable to testify from the witness stand may be presented in writing or by video under oath, in the form of a deposition.  Such testimony is entitled to the same consideration, and is to be judged as to credibility, and weighed, and otherwise considered by the jury, insofar as possible, in the same way as if the witness had been present, and had testified from the witness stand.

---

I OJI Civil 5.31; *Ogan v. A.P. Green Servs., Inc.*, 2004 Jury Instr. LEXIS 110.

## **GOVERNMENTAL ENTITY: SCHOOL BOARD**

In this case, Defendant Northwestern Board of Education is a part of a local government. The mere fact that the Defendant is a part of a local government does not mean it is entitled to any lesser consideration by you.  All litigants are equal before the law, and a governmental entity such the Northwestern Board of Education is entitled to the same fair consideration as you would give any other individual party.

---

LEXIS Modern Federal Jury Instructions-Civil P 72.01**, as adapted**

## PLAINTIFF'S BREACH OF CONTRACT CLAIM

Plaintiff Scott Swysgood and the Northwestern Board of Education entered into a series of employment contracts for the position of Transportation Supervisor/Head Bus Mechanic during the time period from January 2012 to August 10, 2016. Based on those contracts, Plaintiff and Defendant dispute whether Scott Swysgood was an hourly support employee and entitled to additional compensation.

The three written contract documents consist of (1) the first contract document with an effective date of January 16, 2012; (2) a second contract document with an effective date of August 1, 2013; and (3) a third contract document with an effective date of August 1, 2016.

You must determine whether under these contract documents, the parties intended that Scott Swysgood was an hourly support employee and entitled to compensation for additional hours logged beyond his regular workday schedule; or whether Scott Swysgood was a supervisor/administrator and a member of the administration and not entitled to compensation for additional hours logged beyond his regular workday schedule. You must also determine whether the parties to the contracts have fulfilled their respective obligations under the contracts.

Plaintiff Scott Swysgood and the Northwestern Board of Education entered into a series of employment contracts for the position of Transportation Supervisor/Head Bus Mechanic during the time period from January 2012 to August 10, 2016. Based on those contracts, Plaintiff and Defendant dispute whether Scott Swysgood was an hourly support employee and, therefore, entitled to compensation for additional hours logged beyond his regular workday schedule; or whether Scott Swysgood was a salaried supervisor/administrator and member of the administration and, therefore, not entitled to compensation for additional hours logged beyond his regular workday schedule.

The last contract ended when Scott Swysgood failed to report to work from August 1 to August 10, 2016 and he accepted a full-time job with a new employer on August 6, 2016.  The Northwestern Board of Education formally accepted Scott Swysgood's resignation on August 10, 2016.  The Court has already determined that Scott Swysgood abandoned his job at the Northwestern School District at that time.

The three written contract documents consist of (1) the first contract document with an effective date of January 16, 2012; (2) a second contract document with an effective date of August 1, 2013; and (3) a third contract document with an effective date of August 1, 2016.  This Court has held that the first two written contract documents between Scott Swysgood and the Northwestern Board of Education from 2012-2016 were ambiguous on the question whether Scott Swysgood was an hourly support employee or a salaried supervisor/administrator and member of the administration.  You must determine whether under these contract documents, the parties intended that Scott Swysgood was an hourly support employee and entitled to compensation for additional hours logged beyond his regular workday schedule; or whether Scott Swysgood was a supervisor/administrator and a member of the administration and not entitled to compensation for additional hours logged beyond his regular workday schedule.  You must also determine whether the parties to the contracts have fulfilled their respective obligations under the contracts.

Because this Court has held that the first two of the three contracts are ambiguous, you may consider additional evidence beyond "the four corners" of the two ambiguous contract documents, in order to decide what the Plaintiff and Defendant intended under the contract documents.

Source: OJI CV 501.01, adapted.

## PROOF OF CLAIM

To prove breach of contract, Scott Swysgood must prove each of the following by a preponderance of the evidence:

(1) That ~~the parties intended~~ Scott Swysgood ~~to be~~was an hourly support employee and that the Northwestern Board of Education was contractually obligated to compensate Scott Swysgood for additional hours that he logged beyond his normal workday hours as Transportation Supervisor/Head Bus Mechanic;

(2) That the Northwestern Board of Education failed to meet its contractual obligations and thus breached the contract; and

(3) That Scott Swysgood had substantially performed his duties under the contract at the time of the Northwestern Board of Education's breach.

**BREACH.** A contract is breached when one party fails or refuses to perform his/her/its duties under the contract.

~~**SUBSTANTIAL PERFORMANCE.** "Substantial performance" by Plaintiff means the absence of a breach that violates a term essential to the purpose of the contract. "Substantial performance" may include mere nominal, trifling, slight or technical departures from the contract terms so long as the plaintiff acts in good faith.~~

~~**GOOD FAITH.** "Good faith" means honesty in fact in the conduct or transaction.~~

Source:
OJI CV 501.01.

30

**PROOF OF CLAIM (cont'd)**

**DUTY OF GOOD FAITH AND FAIR DEALING.**  A duty of good faith and fair dealing is implied in every contract. "Good faith" is an implied duty not to take opportunistic advantage in a way that could not have been contemplated at the time of drafting, and which therefore was not resolved explicitly by the parties.  It does not, however, take the place of the express terms of the contract.  Good faith performance or enforcement of a contract emphasizes faithfulness to an agreed common purpose and consistency with the justified expectations of the other party.

Sources:

*Kirkwood v. FSD Dev. Corp.*, 8th Dist. Cuyahoga No. 95280, 2011-Ohio-1098, ¶ 9.

*Ed Schory & Sons v. Francis*, 75 Ohio St.3d 433, 443-444, 1996 Ohio 194, 662 N.E.2d 1074 (1998).

*Gator Dev. Corp. v. VHH, Ltd.*, 1st Dist. Hamilton No. C-080193, 2009-Ohio-1802, ¶ 24.

*Littlejohn v. Parrish*, 163 Ohio App. 3d 456, 2005-Ohio-4850, 839 N.E.2d 49, ¶ 26.

Restatement of the Law 2d, Contracts, Section 205, Comments a and d (1981).

*Third Fed. Sav. & loan Ass'n of Cleveland v. Formanik*, 2016-Ohio-7478, ¶ 45, 64 N.E.3d 1034, 1048-49 (Ct. App.)

## CONTRACT INTERPRETATION

**PREPRINTED FORMS.** The Northwestern Board of Education contends that Scott Swysgood's employment contracts from January 2012 and August 2013 were mistakenly printed on incorrect templates or forms. Under the law, when there is a contradiction between the language of a form and the language specifically typed into the form, the specific typed-in language is controlling.

If you conclude, based on your review Scott Swysgood's contract documents and the evidence as a whole, that the language of the form contradicts the typed-in language specific to Scott Swysgood, then you must find that the specific typed-in language is controlling of that issue.

Sources:

*Loblaw, Inc. v Warren Plaza, Inc.*, 163 Ohio St. 581 (1955) ("The typed portion of a . . . contract will prevail over the printed portion thereof, if the two are inconsistent).''

*American Hardware Mut. Ins. Co. v Mansfield Auto Truck Plaza*, 15 Ohio St. 3d 367 (1984) (regarding insurance contracts).

*Bristol-Myers Squibb Co. v Ikon Office Solutions, Inc.*, 295 F.3d 680 (7th Cir. 2002) ("Under Missouri law, when a conflict arises between a preprinted portion and a typewritten portion of the contract, the typewritten language will prevail").

32

## CONTRACT INTERPRETATION

**GENERAL.**  The parties disagree as to the meaning of certain language in the contract documents.  The contract documents consist of the 2012, 2013, and 2016 written employment contracts which were introduced into evidence.  Plaintiff claims that he is an hourly support employee and he is owed additional compensation for additional hours logged beyond his regular workday schedule.  Defendant claims that Scott Swysgood was a supervisor/administrator and a member of the administration and that the Northwestern Board of Education has no obligation under the contract documents to pay additional compensation to Scott Swysgood.  The contract documents are silent on this topic.

Because the Court has already held that the parties' written contract documents are ambiguous on this topic, the law allows you to determine what the parties intended based on certain types of evidence outside "the four corners" of the written contract documents.  You must decide from all of the facts and circumstances in evidence what the parties intended the contract documents to mean.

**INTENT OF THE PARTIES.**  You will decide the intention of the parties by viewing the contract documents as a whole and by considering the following: the subject matter and apparent purpose of the contract documents; all of the facts, the circumstances, and the course of conduct of the parties in evidence surrounding the contract documents; and the reasonableness of the respective interpretations offered by the parties.  You are not to decide the parties' intent from any unexpressed intention of either party.  You will decide their intention by giving the words of the contract documents their plain, ordinary, and reasonable meaning.  Words that have acquired a particular meaning in the context of employment with the Northwestern Board of Education will normally be given that meaning.

Source:  Adapted from OJI CV 501.07.

## CONTRACT INTERPRETATION (cont'd).

**THE PARTIES' WORDS AND CONDUCT.**  When evaluating the parties' intentions, you should interpret their words and other conduct in the light of all the circumstances.  If you can determine the principal purpose of the parties based on their words and conduct, that principal purpose should be given great weight.

**WRITINGS.**  A writing is interpreted as a whole, and all writings that are part of the same transaction are interpreted together.  Unless a different intention is apparent, where language has a generally prevailing meaning, it is interpreted in accordance with that meaning.  However, technical terms and words of art are given their technical meaning when used in a transaction within their technical field.

**REPEATED OCCASIONS FOR PERFORMANCE.** When evaluating the parties' intent, you should consider their course of performance under the contract.  ~~A course of performance accepted or acquiesced in without objection is given great weight in the interpretation of the agreement.~~

Wherever reasonable, the manifestations of intention of the parties to a promise or agreement are interpreted as consistent with each other and with any relevant course of performance, course of dealing, or usage of trade.

Source:
Adapted from Restatement 2d of Contracts, § 202 (2nd 1981).

34

**AUTHORITY OF THE BOARD OF EDUCATION AND ITS INDIVIDUAL MEMBERS**

When evaluating the parties' obligations based on the evidence, you must consider the following principles of law.

**SUPERVISOR.** The term "supervisor" means any individual who has authority, in the interest of the public employer, to hire, transfer, suspend, lay off, recall, promote, discharge, assign, reward, or discipline other public employees; to responsibly direct them; to adjust their grievances; or to effectively recommend such action, if the exercise of that authority is not of a merely routine or clerical nature, but requires the use of independent judgment.

Source:
Ohio Rev. Code § 4117.01.

**EMPLOYMENT OF ADMINISTRATORS AND SUPERVISORS.** Under the law, only the Northwestern Board of Education may execute a written contract of employment with an administrator or supervisor.

Source:
Ohio Rev. Code § 3319.02.

**CONTRACTS NOT BINDING ON BOARD.** By statute, no contract is binding upon the Northwestern Board of Education unless made or authorized at a board meeting.

Source:
Ohio Rev. Code § 3313.33

**AUTHORITY OF INDIVIDUAL BOARD MEMBERS.** Individual members of a board of education ordinarily have no authority to act on behalf of the board, except when they act together in session and then only by resolution or motion duly entered on the minutes.

Sources:
Ohio Rev. Code § 3313.18
Northwestern Local School District, Rule BBAA.
*Wolf v. Cuyahoga Falls City School Dist. Bd. of Educ.*, 52 OS3d 222, 556 NE2d 511 (1990) (high school principal's alleged promise to teacher concerning work schedule not enforceable against board).

*Walker v. Lockland City School Dist. Bd. of Educ.*, 69 OApp2d 27, 23 OO3d 24, 429 NE2d 1179 (1980) (oral statements of superintendent regarding attendance of students in district not binding on board).

*Burnat v. Lake Twp. Bd. of Educ.*, 1994 Ohio App. LEXIS 3964 (Wood 1994) (transportation supervisor's alleged promise of permanent employment, made to substitute bus driver, not enforceable against board).

**AFFIRMATIVE DEFENSE: WAIVER**

Northwestern Board of Education claims that the Scott Swysgood waived his entitlement to compensation for additional hours logged beyond his regular workday schedule. A waiver is the voluntary relinquishment of a known right.  If all the requirements of waiver are proven, then the party claiming waiver, in this case, the Northwestern Board of Education, is relieved from performing its contractual obligation.  "Waiver" occurs when:

 If you find that Scott Swysgood was an hourly support employee and the Northwestern Board of Education agreed to compensate Scott Swysgood for additional hours logged beyond the regular workday schedule, the Northwestern Board of Education asserts that Scott Swysgood waived his right to such compensation.  Thus, if you decide that Scott Swysgood was an hourly support employee and had a right to compensation for additional hours logged beyond the regular workday schedule, you must next determine whether he waived that right.

A waiver is the voluntary relinquishment of a known right.  If all the requirements of waiver are proven, then the party claiming waiver, in this case, the Northwestern Board of Education, is excused from performing its contractual obligation.  If you find the following elements by a preponderance of the evidence, then you must find that Mr. Swsygood waived his right to compensation for additional hours logged beyond his regular workday schedule:

(A)     Scott Swysgood voluntarily relinquished his right to receive additional compensation for additional hours logged beyond his regular workday schedule by his [words and] actions.

(B)     Scott Swysgood was aware of the his right at the time of the waiver; and

(C)     Scott Swysgood intended to waive the right to additional compensation for additional hours logged at the time of the waiver; and

(D)     Scott Swysgood had full knowledge of the relevant facts at the time of the waiver; and

(E)     the Northwestern Board of Education reasonably changed its position in a substantial way in reliance upon the waiver.

<u>Source:</u> OJI CV 501.27

## AFFIRMATIVE DEFENSE:  WAIVER BY ESTOPPEL

In addition to its affirmative defense of "waiver," the Northwestern Board of Education asserts the affirmative defense of "waiver by estoppel."  This affirmative defense is similar to waiver, but it allows a party's inconsistent conduct, rather than his intent, to establish a waiver of rights.  To establish the affirmative defense of waiver by estoppel, you must find all of the following:

(A)   That Scott Swysgood's acts and conduct, while he was employed as transportation supervisor/head bus mechanic with the Northwestern Board of Education, are inconsistent with his claim that he is owed compensation for hours in excess of his regular forty hour work week;

(B)   that the Northwestern Board of Education was misled by Swysgood's acts and conduct while he was employed as transportation supervisor/head bus mechanic; and

(C)   that the Northwestern Board of Education was prejudiced as a result.

If you find these elements by a preponderance of the evidence, then you must find that Mr. Swysgood waived his right to compensation for additional hours logged beyond his regular workday schedule.

---

*PHH Mortg. Corp. v. Ramsey*, 2014-Ohio-3519, ¶ 20, 17 N.E.3d 629, 634 (Ct. App.)
*Lewis & Michael Moving & Storage, Inc. v. Stofcheck Ambulance Serv.*, 2006-Ohio-3810, ¶¶ 29-30 (Ct. App.).
*Mark-It Place Foods, Inc. v. New Plan Excel Realty Tr., Inc.*, 2004-Ohio-411, ¶ 57, 156 Ohio App. 3d 65, 92-93, 804 N.E.2d 979, 1000.

## DAMAGES

**GENERAL.**  If you find by the greater weight of the evidence that ~~Scott Swysgood was an hourly support employee and the~~ Northwestern Board of Education breached ~~the~~ a contract ~~(and was not excused by either of its affirmative defenses of waiver or waiver by estoppel),~~ with Scott Swysgood, Plaintiff is entitled to damages in the amount sufficient to place him in the same position in which he would have been if the contract had been fully performed by the defendant to the extent that the damages are reasonably certain and ~~within the contemplation of the parties~~ reasonably foreseeable.

In this case, Scott Swysgood's claim for damages is based on the number of additional hours logged beyond his regular workday schedule that he claims to have accumulated from 2012 to 2016. ~~When calculating the number hours Scott Swysgood accumulated, you must consider whether based on the evidence any additional work hours, which may have been recorded by Scott Swysgood, carried over from one year to the next, or whether those claimed additional hours did not carry over and were accordingly lost.~~

**DAMAGES REASONABLY CERTAIN.**  You may only award damages the existence and amount of which are reasonably certain and have been proved to you by a preponderance of the evidence. You may not award damages that are remote or speculative.

~~**CONTEMPLATION OF THE PARTIES.**  You may only award those damages that were the natural and probable result of the breach of the contract or that were reasonably within the contemplation of the parties as the probable result of the breach of the contract. This does not require that the defendant actually be aware of the damages that will result from the breach of contract so long as the damages were reasonably foreseeable at the time the parties entered into the contract as a probable result of the breach.~~

Source: OJI CV 501.33

40

## CONSIDER DAMAGES ONLY IF NECESSARY

If the plaintiff has proven by a preponderance of the credible evidence that defendant is liable on the plaintiff's claim, then you must determine the damages to which the plaintiff is entitled.

However, you should not infer that the plaintiff is entitled to recover damages merely because I am instructing you on the elements of damages.  It is exclusively your function to decide upon liability, and I am instructing you on damages only so that you will have guidance should you decide that the plaintiff is entitled to recovery.

---

LEXIS Modern Federal Jury Instructions-Civil P 77.01

## DELIBERATIONS: RIGHT TO SEE EXHIBITS AND HEAR TESTIMONY; COMMUNICATIONS WITH THE COURT

The Court has given you the instructions on the law applicable to this case.  I will now instruct you on how to conduct your deliberations and prepare your verdict.

You are about to go into the jury room and begin your deliberations. If during those deliberations you want to see any of the exhibits, you may request that they be brought into the jury room. If you want any of the testimony read back to you, may also request that. Please remember that it is not always easy to locate what you might want, so be as specific as you possibly can in requesting exhibits or portions of the testimony.

Your requests for exhibits or testimony—in fact any communication with the court— should be made to me in writing, signed by your foreperson, and given to one of the marshals. In any event, do not tell me or anyone else how the jury stands on any issue until after a unanimous verdict is reached.

LEXIS Modern Federal Jury Instructions-Civil P 78.01

42

## DELIBERATIONS: DUTY TO DELIBERATE/UNANIMOUS VERDICT

You will now return to the jury room to decide the case. In order to prevail, Scott Swysgood must meet his burden of proof, as I have explained to you with respect to each element of his claim for breach of contract.  If you find that Scott Swysgood has not met his burden, then you must find in favor of the Northwestern Board of Education, and you need not consider whether the Northwestern Board of Education has proven its affirmative defense.

If you find that Scott Swysgood has sustained his burden of proof, then you must next decide whether the Northwestern Board of Education has met its burden of proving its affirmative defenses of waiver and waiver by estoppel.  If you find that the Northwestern Board of Education has met its burden, then you must find in favor of the Northwestern Board of Education and against Scott Swysgood.  However, if you find that the Northwestern Board of Education has failed to meet its burden with respect to any element of its affirmative defense, you must return a verdict against the defendant, provided that you have already determined that Scott Swysgood met his burden of proof on his breach of contract claim..

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement.  Each of you must decide the case for himself or herself, but you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is erroneous.  Your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors.  Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without regard to prejudice or favor for either party, and adopt that conclusion which in your good conscience appears to be in accordance with the truth.

43

Again, each of you must make your own decision about the proper outcome of this case based on your consideration of the evidence and your discussions with your fellow jurors.  No juror should surrender his or her conscientious beliefs solely for the purpose of returning a unanimous verdict.

Adapted from LEXIS Modern Federal Jury Instructions-Civil P 78.01

## **DELIBERATIONS: SELECTION OF FOREPERSON**

When you return to the jury room, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in open court.

_____

LEXIS Modern Federal Jury Instructions-Civil P 78.01

## **GENERAL VERDICT FORM ACCOMPANIED BY INTERROGATORIES**

I have prepared several forms for you to use in recording your decisions.

First, there is a set of four interrogatories.  Interrogatories are written questions, which, along with these Jury Instructions, will help you decide the issues in this case.  Depending on what you decide, you may or may not be required to answer all four interrogatories.  You must follow the specific instructions contained in each individual interrogatory.

Next, there are two general verdict forms.  One of the general verdict forms reflects a verdict in favor of Plaintiff Scott Swysgood.  The other general verdict form reflects a verdict in favor of Defendant Northwestern Board of Education.

If you decide the case in favor of Plaintiff, you should sign and date the form reflecting a verdict in favor of Plaintiff Scott Swysgood.

If you decide the case in favor of Defendant, you should sign and date the form reflecting a verdict in favor of Defendant Northwestern Board of Education.

Your general verdict and your answers to the interrogatories must reflect the conscientious judgment of each juror.

_____
Adapted from LEXIS Modern Federal Jury Instructions-Civil P 78.01

## **RETURN OF VERDICT**

After you have reached a verdict, your foreperson will fill in the form that has been given to you, sign and date it and advise the courtroom deputy that you are ready to return to the courtroom.

I will stress that each of you should be in agreement with the verdict which is announced in court.  Once your verdict is announced by your foreperson in open court and officially recorded, it cannot ordinarily be revoked.

---

LEXIS Modern Federal Jury Instructions-Civil P 78.01

## <u>QUESTIONS BY THE JURY</u>

If you have a question, it should be discussed in the privacy of the jury room.  It should be reduced to writing so that there will be no misunderstanding as to what is requested.  It should not reflect the status of your deliberations.

Where a term has not been defined for you, you must give that term its common and ordinary meaning.

<u>Source:</u>
OJI CV 207.37 (2017)

## CLOSING REMARKS

I cannot embody all the law in any single part of these instructions. In considering one portion, you must consider it in light of and in harmony with all the instructions.

I have instructed you on all the law necessary for your deliberations. Whether certain instructions are applicable may depend upon the conclusions you reach on the facts by a preponderance of the evidence. If you have an impression that I have indicated how any disputed fact should be decided, you must put aside such an impression because that decision must be made by you, based solely upon the facts presented to you in this courtroom.

The Court will place in your possession the exhibits and the verdict forms.  The foreperson will retain possession of these records, including the verdict forms, and return them to the courtroom.  Until your verdict is announced in open court, you are not to disclose to anyone else the status of your deliberations or the nature of your verdict.

You will now retire.  First, select a foreperson and whenever six (6) or more jurors agree upon the verdict, you will complete and sign the appropriate verdict form in ink, and advise the courtroom deputy. You will then be returned to the courtroom.

Source:
OJI CV 207.35 and OJI CV 207.39 (2017)

/s/Warren Rosman
**WARREN ROSMAN (0017510)**
Wrosman@westonhurd.com
**JOHN S. KLUZNIK (0017473)**
Jkluznik@westonhurd.com
**JOSHUA M. MIKLOWSKI (0085690)**

49

Jmiklowski@westonhurd.com
Weston Hurd LLP
The Tower at Erieview
1301 East 9th Street, Suite 1900
Cleveland, OH  44114-1862
(216) 241-6602
(216) 621-8369 (fax)
*Attorneys for Defendants*
*Northwestern Local School District*
*Board of West Salem*

## **CERTIFICATE OF SERVICE**

The within pleading was filed via the Court's electronic filing system this 22nd day of

January, 2019; service will be accomplished in accordance with instructions contained therein.


*/s/Warren Rosman*
WARREN ROSMAN
*Counsel for Defendants*
*Northwestern Local School District Board of*
*Education of West Salem*

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SCOTT SWYSGOOD | ) | CASE NO. 5:17-CV-00697-BYP |
| | ) | |
| Plaintiff | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| v. | ) | MAGISTRATE JUDGE LIMBERT |
| | ) | |
| BOARD OF EDUCATION OF THE | ) | **DEFENDANT'S PROPOSED JURY** |
| NORTHWESTERN LOCAL SCHOOL | ) | **INTERROGATORY NO.1** |
| DISTRICT OF WEST SALEM, et al. | ) | |
| | ) | |
| Defendants | ) | |

(1)    Do you find that the typed-in job titles of "Transportation Coordinator/Head Bus Mechanic" and "Transportation Supervisor/Head Bus Mechanic" contradict the heading at the top of the preprinted portion of the 2012 and 2013 contract document describing the document as a "Support Employee's Contract"?

CIRCLE ONE:                YES        or            NO

1. _____        5. _____

2. _____        6. _____

3. _____        7. _____

4. _____        8. _____

**If the answer to this Interrogatory is "YES," sign the Verdict for Defendant Northwestern Board.

**If the answer to this Interrogatory is "NO," move on to interrogatory No. 2.

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SCOTT SWYSGOOD | ) | CASE NO. 5:17-CV-00697-BYP |
| | ) | |
| Plaintiff | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| v. | ) | MAGISTRATE JUDGE LIMBERT |
| | ) | |
| BOARD OF EDUCATION OF THE | ) | |
| NORTHWESTERN LOCAL SCHOOL | ) | **DEFENDANT'S PROPOSED JURY** |
| DISTRICT OF WEST SALEM, et al. | ) | **INTERROGATORY NO.2** |
| | ) | |
| Defendants | ) | |

(1)	Do you find that the parties intended that Scott Swysgood was a supervisor/administrator and member of the administration in his capacity as the Transportation Supervisor/Head Bus Mechanic or do you find that the parties intended that that Scott Swysgood was an hourly support employee?

	CIRCLE ONE:		SUPERVISOR/ADMINISTRATOR

	_____	or

			HOURLY EMPLOYEE

	1. _____		5. _____

	2. _____		6. _____

	3. _____		7. _____

	4. _____		8. _____

**If the answer to this Interrogatory is "SUPERVISOR/ADMINISTRATOR," sign Verdict for Defendant Northwestern Board of Education

**If the answer to this Interrogatory is "HOURLY EMPLOYEE," move on to Interrogatory No. 3.

Page 2 of 6

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SCOTT SWYSGOOD | ) | CASE NO. 5:17-CV-00697-BYP |
| | ) | |
| Plaintiff | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| v. | ) | MAGISTRATE JUDGE LIMBERT |
| | ) | |
| BOARD OF EDUCATION OF THE | ) | **DEFENDANT'S PROPOSED JURY** |
| NORTHWESTERN LOCAL SCHOOL | ) | **INTERROGATORY NO.1~~3~~** |
| DISTRICT OF WEST SALEM, et al. | ) | |
| | ) | |
| Defendants | ) | |

(1)     ~~DIf you have found that Scott Swysgood was an hourly support employee, d~~o you find that Scott Swysgood waived his right to receive additional compensation for additional hours logged beyond his regular workday schedule?

CIRCLE ONE:               YES          or               NO

1. _____     5. _____

2. _____     6. _____

3. _____     7. _____

4. _____     8. _____

**If the answer to this Interrogatory is "YES," sign Verdict for Defendant Northwestern Board of Education

**If the answer to this Interrogatory is "NO," move on to answer Interrogatory No. 4.

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SCOTT SWYSGOOD | ) | CASE NO. 5:17-CV-00697-BYP |
| | ) | |
| Plaintiff | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| v. | ) | MAGISTRATE JUDGE LIMBERT |
| | ) | |
| BOARD OF EDUCATION OF THE | ) | **DEFENDANT'S PROPOSED JURY** |
| NORTHWESTERN LOCAL SCHOOL | ) | **INTERROGATORY NO.2** |
| DISTRICT OF WEST SALEM, et al. | ) | |
| | ) | |
| Defendants | ) | |

(1)   If you have found that Mr. Swysgood is an hourly support employee and he did not waive his right to receive additional compensation for additional hours logged beyond his regular workday schedule, provide the number of actual hours for which he is entitled compensation.

Actual number of additional hours for which he is entitled compensation: _____

1. _____     5. _____

2. _____     6. _____

3. _____     7. _____

4. _____     8. _____

** Sign Verdict for Plaintiff Scott Swysgood.

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SCOTT SWYSGOOD | ) | CASE NO. 5:17-CV-00697-BYP |
| | ) | |
| Plaintiff | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| v. | ) | MAGISTRATE JUDGE LIMBERT |
| | ) | |
| BOARD OF EDUCATION OF THE | ) | |
| NORTHWESTERN LOCAL SCHOOL | ) | **[DEFENDANT'S PROPOSED]** |
| DISTRICT OF WEST SALEM, et al. | ) | **GENERAL VERDICT FOR** |
| | ) | **DEFENDANT NORTHWESTERN** |
| Defendants | ) | **BOARD OF EDUCATION** |

On Plaintiff Scott Swysgood's claim of breach of contract against Defendant Board of Education of the Northwestern Local School District of West Salem, we the jury, being duly impaneled, upon concurrence of the undersigned jurors, do find for Defendant Board of Education of the Northwestern Local School District of West Salem and against Plaintiff Scott Swysgood.

1. _____        5. _____

2. _____        6. _____

3. _____        7. _____

4. _____        8. _____

Date: _____.

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SCOTT SWYSGOOD | ) | CASE NO. 5:17-CV-00697-BYP |
| | ) | |
| Plaintiff | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| v. | ) | MAGISTRATE JUDGE LIMBERT |
| | ) | |
| BOARD OF EDUCATION OF THE | ) | |
| NORTHWESTERN LOCAL SCHOOL | ) | **[DEFENDANT'S PROPOSED]** |
| DISTRICT OF WEST SALEM, et al. | ) | **GENERAL VERDICT FOR PLAINTIFF** |
| | ) | |
| Defendants | ) | |

On Plaintiff Scott Swysgood's claim of breach of contract against Defendant Board of Education of the Northwestern Local School District of West Salem, we the jury, being duly impaneled, upon concurrence of the undersigned jurors, do find for Plaintiff Scott Swysgood and against Defendant Board of Education of the Northwestern Local School District of West Salem. We find that Plaintiff Scott Swysgood is entitled to compensation for _____ additional actual hours of work performed beyond his ordinary workday schedule.

1. _____     5. _____

2. _____     6. _____

3. _____     7. _____

4. _____     8. _____

Date: _____.