PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| SCOTT SWYSGOOD, | ) |
| | ) CASE NO. 5:17CV697 |
| Plaintiff, | ) |
| | ) |
| v. | ) JUDGE BENITA Y. PEARSON |
| | ) |
| BOARD OF EDUCATION OF THE | ) |
| NORTHWESTERN LOCAL SCHOOL | ) **MEMORANDUM OF OPINION AND** |
| DISTRICT OF WEST SALEM, *et al.*, | ) **ORDER** |
| | ) [Resolving ECF No. 115] |
| Defendants. | |

Pending before the Court is Defendant Board of Education of the Northwestern Local School District of West Salem's Motion for Costs Pursuant to Rule 54(d) and Rule 68(d). ECF No. 115. Plaintiff Scott Swysgood has responded (ECF No. 116), and Defendant has filed a reply in support (ECF No. 117). For the reasons that follow, Defendant's motion is granted in part.

## I.

In total, Defendant seeks $6,979.51 in costs. ECF No. 115 at PageID #: 1876. This sum comes from the following sources: (1) $5,282.55 in court reporter and copying costs, (2) $360.00 in witness fees for deposition, (3) $65.89 for deposition mileage costs, (4) $360.00 in trial witness attendance fees, and (5) $911.07 in mileage costs for Defendant's trial witnesses. *Id.* at PageID #: 1872-75.

(5:17CV697)

Defendant relies on Fed. R. Civ. P. 54(d) and 28 U.S.C. §§ 1821 & 1920 as authority.[1]

## II.

Plaintiff claims Defendant's motion should be denied in its entirety on equitable grounds. Additionally, Plaintiff contends Defendant failed to offer any evidence as to the reasonableness and necessity of the specific costs for which it seeks reimbursement. The Court will address each argument in turn.

### A. Equitable Grounds

Rule 54(d) provides that "[u]nless a federal statute, these rules, or court order provides otherwise, costs — other than attorney's fees — should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). The rule creates a presumption in favor of awarding costs to the prevailing party. *Knology, Inc. v. Insight Communications Co., L.P.*, 460 F. 3d 722, 726 (6th Cir. 2006) (quoting *Singleton v. Smith*, 241 F.3d 534, 539 (6th Cir. 2001)).

The Court may employ its discretion to deny the award of costs on equitable grounds when the case is "close and difficult." *White & White, Inc. v. American Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir.1986) (quoting *United States Plywood Corp. v. General Plywood Corp.*, 370 F.2d 500, 508 (6th Cir. 1966)). The determination of whether a case is close and difficult turns "not by whether one party clearly prevails over another, but by the refinement of perception

---

[1] Defendant initially relies on Fed. R. Civ. P. 68(d)'s mandatory taxation of costs. ECF No. 115 at PageID #: 1869-70. In light of *Delta Airlines, Inc. v. August*, 450 U.S. 346 (1981), Defendant withdraws its argument under Rule 68. ECF No. 117 at PageID #: 1908.

2

(5:17CV697)

required to recognize, sift through and organize relevant evidence, and by the difficulty of discerning the law of the case." Id. at 732-33.

Plaintiff presented one cause of action for breach of contract against his employer to a jury. The jury trial lasted six days and returned a verdict in favor of Defendant. Nothing suggests that the case was "close and difficult." Plaintiff alleges the Court "was unable to resolve the issues [on summary judgment] given the conflicting testimony and interpretation of exhibits[.]" ECF No. 116 at PageID #: 1904. The denial of summary judgment indicates that a triable issue of material fact exists, not that a case is close and difficult.

Plaintiff also argues that he and Defendant "were in two entirely different financial positions." Id. at PageID #: 1905. Defendant's ability to bear its own expenses without hardship is irrelevant to the propriety of awarding costs under Rule 54(d). White & White, Inc., 786 F.2d at 731. Though the losing party's indigence is a factor in evaluating whether costs should be awarded (Singleton v. Smith, 241 F.3d 534, 539 (6th Cir. 2001)), Plaintiff does not claim indigence. Rather, he notes that his "ability to bring his claims has been limited to his own financial resources." ECF No. 116 at PageID #: 1905. The financial state of the parties is not relevant to whether Defendant should recover costs under Rule 54(d).

Finally, Plaintiff claims that, because he sincerely believed he was entitled to payment of his compensatory time, he should be relieved of the obligation to pay costs under Rule 54(d). "Good faith is a relevant consideration," but, "without more . . . is an insufficient basis for denying costs to a prevailing party." White & White, Inc., 786 F.2d at 731.

(5:17CV697)

Based on the record before it, the Court finds no basis on which to decline to award costs to Defendant on equitable grounds.

**B. Reasonableness and Necessity of Specific Costs**

If a court determines costs should be awarded to the prevailing party under Rule 54(d), a court must look "to whether the expenses are allowable cost items and then to whether the amounts are reasonable and necessary." *Howe v. City of Akron*, No. 5:06-CV-2779, 2016 WL 916701, at *19 (N.D. Ohio Mar. 10, 2016) (Lioi, J.) (citing *Jefferson v. Jefferson Cty. Pub. Sch. Sys.*, 360 F.3d 583, 591 (6th Cir. 2004)). The prevailing party has the burden of establishing that the expenses it seeks to have taxed as costs "are authorized by applicable federal law, including proof of necessity and reasonableness under 28 U.S.C. § 1920."[2] *Id.* (citing *Berryman v. Hofbauer*, 161 F.R.D. 341, 344 (E.D. Mich. 1995)).

**1. Deposition Transcript Costs**

The taxing statute permits the prevailing party to recover fees for "printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2);

---

[2] Defendant claims placing the burden on the prevailing party to establish the necessity and reasonableness of its expenses is inconsistent with the presumption that costs should be awarded to the prevailing party. Fed. R. Civ. P. 54(d); *White & White, Inc.*, 786 F.2d at 730; *Aubin Indus., Inc. v. Smith*, No. 1:04-CV-681, 2009 WL 1674845, at *3 (S.D. Ohio June 15, 2009). Defendant misapprehends the standard. *White & White* requires a losing party "to show circumstances sufficient to overcome the presumption favoring an award of costs to the prevailing party." *White & White, Inc.*, 786 F.2d at 732 (internal quotation marks omitted). If a court finds that costs should be awarded to the prevailing party, the court must "determine the amount of costs to award." *Pion v. Liberty Dairy Co., a Div. of Dean Foods Co.*, 922 F. Supp. 48, 52 (W.D. Mich. 1996). The burden then falls on the prevailing party to establish the necessity and reasonableness of specific costs. *Id.* at 52-54; *Howe v. City of Akron*, No. 5:06-CV-2779, 2016 WL 916701, at *19 (N.D. Ohio Mar. 10, 2016).

4

(5:17CV697)

*Colosi v. Jones Lang LaSalle Americas, Inc.*, 781 F.3d 293, 295 (6th Cir. 2015). "Ordinarily, the costs of taking and transcribing depositions reasonably necessary for the litigation are allowed to the prevailing party. Necessity is determined as of the time of taking [the deposition], and the fact that a deposition is not actually used at trial is not controlling." *Sales v. Marshall*, 873 F.2d 115, 120 (6th Cir. 1989).

### a. Costs from Plaintiff's Deposition

Plaintiff argues Defendant is not entitled to recover deposition transcript costs for Plaintiff's deposition because "[n]either copy was actually filed by the defense" and "defense counsel only made very limited use of Mr. Swysgood's deposition in the course of his cross-examination. ECF No. 116 at PageID #: 1902. Neither point is controlling or persuasive. Defendant used Plaintiff's deposition transcript to prepare for cross-examination of Plaintiff at trial and during that cross examination. ECF No. 117 at PageID #: 1914. The costs incurred by deposing Plaintiff were, therefore, reasonably necessary for the litigation.

### b. Costs from Other Depositions

Plaintiff also contends the costs Defendant seeks to recover for the deposition transcripts of witnesses Charles Beck, Jeffrey Layton, Lesa Forbes, Kim Wellert, Paula Abrecht, Philip Keener, Laura Woodring, Allen Miller, and Melanie Watson are neither reasonable nor necessary. He claims the expenses "were solely for the convenience of defense counsel," noting that "Defendant made no use of the depositions at trial or in its summary judgment motion." ECF No. 116 at PageID #: 1900.

(5:17CV697)

Beck, Layton, Forbes, Wellert, and Watson all testified at trial. ECF No. 117 at PageID #: 1913. Abrecht and Woodring did not. Plaintiff, however, anticipated calling both Abrecht and Woodring to testify at trial (ECF No. 117-1) and named them in his witness list (ECF No. 100). Each of these witnesses either testified or were expected to testify at trial. Additionally, Miller's deposition testimony was introduced at trial by video. ECF No. 96 at PageID #: 1757. The costs arising from the deposition transcripts for these witnesses were reasonable and necessary in preparation for trial.

Defendant, however, does not establish the reasonableness or necessity of costs for the deposition transcript of Phillip Keener. Keener is not named in either party's witness list. Rather, Defendant's request is supported by a general affidavit stating that "the itemized costs set forth therein were reasonably and necessarily incurred in this case and that the services for which those fees have been charged were actually and necessarily performed." ECF No. 115-1 at PageID #: 1879. This is insufficient to support a motion to tax costs for which "the necessity and reasonableness of the costs have been challenged by plaintiff." *Berryman*, 161 F.R.D. at 344 n.2 (noting that a prevailing party's conclusory affidavit may be sufficient if a motion to tax costs is unopposed, but insufficient if the motion is challenged by the losing party on the grounds of necessity and reasonableness). Finally, Defendant makes no mention of Keener in its reply brief. ECF No. 117.

Because Defendant fails to respond to plaintiff's objections as to Keener's deposition transcript costs, the Court has "no [sufficient] basis to analyze the reasonableness of the request or the necessity of the costs for which taxation is sought." *Berryman*, 161 F.R.D. at 344.

(5:17CV697)

Therefore, Defendant's request for deposition transcript costs for Keener in the amount of $200.00 (ECF No. 115-1 at PageID #: 1888) is denied.

### 2. Witness Fees and Mileage Expenses Arising From Deposition Attendance

Plaintiff contends Defendant is not entitled to witness fees in the amount of $360.00[3] and not entitled to mileage expenses in the amount of $65.89 for Superintendent Jeffrey Layton's travel for his deposition. ECF No. 116 at PageID #: 1900-01. Witness fees may be recovered at a rate of $40.00 per day, plus mileage. 28 U.S.C. §§ 1821, 1920(3). Actual receipts are not required to show the expenses were incurred. *See* Trepel v. Roadway Express, Inc., 266 F.3d 418, 425 (6th Cir. 2001).

Plaintiff does not challenge that the witnesses, in fact, attended their respective depositions. Defendant's witnesses are therefore statutorily entitled to witness fees. 28 U.S.C. §§ 1821, 1920(3). Though Defendant has yet to disburse payment to the witnesses, that is not controlling.[4] The witness fees were incurred by virtue of the witnesses attending their depositions. Defendant asserts that "each witness will . . . be paid his appropriate fee" upon

---

[3] Plaintiff objects to Defendant's request for witness fees for its employees and board members to attend depositions (ECF No. 116 at PageID #: 1900), but erroneously calculates the amount requested by Defendant as $320.00. *Id.* The correct amount is $360.00. ECF No. 115 at PageID #: 1873.

[4] Plaintiff cites Watkins & Son Pet Supplies v. Iams Co., 197 F. Supp. 2d 1030, 1037 (S.D. Ohio 2002) for the proposition that fees should not be awarded when a party fails to furnish any evidence that it paid the cost which it is now seeking to recover. Defendant is a school district with limited financial resources. Though the witnesses would have preferred being paid earlier, civil rules do not require a party to have paid the statutorily required witness fees before seeking reimbursement. Having accrued the obligation to pay is sufficient for the undersigned to award reimbursement.

7

(5:17CV697)

receipt of the witness fees.  ECF No. 117 at PageID #: 1915.  Accordingly, Defendant's request for $425.89 in witness fees and mileage costs is granted.

### 3. Demonstrative Exhibits

A prevailing party may recover fees for exemplification and copies of papers necessarily obtained for use in the case.  28 U.S.C. § 1920(4).  This includes the cost of enlarging trial exhibits.  *Crues v. KFC Corp.*, 768 F.2d 230, 234 (8th Cir. 1985); *Soler v. McHenry*, 771 F. Supp. 252, 256 (N.D. Ill. 1991).  But, "costs of demonstrative materials which were merely illustrative of expert testimony, other adequate evidence, or argumentative matter are not taxable." *Robertson v. McCloskey*, 121 F.R.D. 131, 133 (D.D.C. 1988) (quoting *Indep. Tube Corp. v. Copperweld Corp.*, 543 F. Supp. 706, 722 (N.D. Ill. 1982)).

Plaintiff objects to the necessity of Defendant's demonstrative exhibit, claiming it was "duplicative of other exhibits" and "completely unnecessary given the available courtroom technology[.]"  ECF No. 116 at PageID #: 1902.  Defendant avers that the demonstrative exhibit was used "in accordance with the court's trial order," and additionally contends Plaintiff "did not object to [the exhibit] at trial."  ECF No. 117 at PageID #: 1915.  While these arguments address the permissibility, rather than the necessity, of the demonstrative exhibit, Defendant's point is well-taken.  In addition to its mention in the affidavit, Defendant made effective use of the demonstrative exhibit at trial.  It is difficult to imagine any alternate use to which Defendant could have put that trial tool.  Accordingly, it was "necessarily obtained for use in the case." *See* 28 U.S.C. § 1920(4).  Defendant has met its burden.  *See Berryman*, 161 F.R.D. at 344 n.2.

(5:17CV697)

Defendant's request for $459.00 in recovery for printing the demonstrative exhibit is therefore granted.

### 4. Copying and Bates Stamping Exhibits

As a general rule, a prevailing party can recover costs under 28 U.S.C. § 1920(4) to photocopy "papers necessarily obtained for use in the case. *Hartford Fin. Servs. Grp., Inc. v. Cleveland Pub. Library*, No. 1:99CV1701, 2007 WL 963320, at *6 (N.D. Ohio Mar. 28, 2007). A court should make a particularized inspection of a request for photocopying expenses, rather than simply rubber stamping a request. *Bowling v. Pfizer, Inc.*, 132 F.3d 1147, 1151 (6th Cir. 1998).

Plaintiff objects to Defendant's request for recovery of costs arising from the Bates stamping and copying of exhibits for use at trial. He contends the costs were unnecessary because "[a]dmitted exhibits were submitted to the jury electronically" and "[n]either this Court's orders nor the actual presentation of this matter at trial required paper copies of any exhibits." ECF No. 116 at PageID #: 1903. Plaintiff's objections underestimates the value of being able to specifically identify an exhibit, whether or not it was used electronically. Even electronically viewed documents must be managed and identifiable. Bates stamping has long been the litigator's preferred tool for identifying exhibits and keeping them orderly. The electronic use of the exhibits likely minimized the photocopying costs, but did not eliminate them entirely. The request is reasonable under the circumstances. Defendant's request for $194.23 in expenses related to copying and Bates stamping its trial exhibits is granted.

**III.**

(5:17CV697)

For the foregoing reasons, Defendant's Motion for Costs is granted in part. ECF No. 115. The Court denies Defendant's request for costs arising from the deposition transcript of Keener, in the amount of $200.00. The Court grants the remainder of Defendant's requests. Plaintiff is ordered to pay Defendant $6,779.51 in costs.

      IT IS SO ORDERED.

| | |
|---|---|
| May 8, 2019 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |